Would the clerk call the case please? Case number 17-5206, 17-5211, 52-12, 52-13, 52-14, 52-15, 52-16, 17-5598, 17-5614 Amy Hicks, et al. v. Comm of Social Security Oral argument not to exceed 15 minutes per side Mr. Coleman for the following Good morning and may it please the court Thomas Pullen for the Acting Commissioner of Social Security I'd like to reserve three minutes of my time for rebuttal please Fine The Due Process Clause guarantees the opportunity to be heard in a meaningful manner before a citizen is deprived of a protected interest. All of the plaintiffs in these consolidated appeals received a full and fair hearing on the question of their entitlement to disability benefits before those benefits were terminated. Three procedural protections were especially important in this regard. First, the plaintiffs were permitted to rely on all of the evidence collected and put into their case files when they initially applied for disability benefits. This includes all of the evidence from their treating physicians, which under applicable SSA regulations are generally entitled to the most weight. Could they include any reports from these four doctors other than the functional capacity forms, the template forms that were filled out by those doctors? In other words, I think some of them had had examinations by some of the four doctors, like an IQ test or something like that. Could those reports be considered? No, when the reports were attached to the form as the reports that the plaintiffs referred to were, those were excluded because they fell within the scope of the OIG's referral, which referred to the form signed by the doctors and submitted by CON during a certain time frame. So it's not actually correct to say that their treating physicians were considered if the doctors in question were also treating physicians? No, if the doctors in question were treating physicians and the records were obtained directly from the treating physician, then it would not fall, it would not be disregarded. That wasn't the case for any of the plaintiffs. Even if they were obtained from the treating physicians by CON or by these doctors? The records could be obtained directly from the treating physicians and they would be considered. It was when these reports and the forms and reports attached to the forms were submitted by CON during this time frame that they were disregarded. But again, none of the plaintiffs here indicated that they used one of these physicians as a treating source. But my understanding was at least one of these individuals had had an IQ test, which was done by one of the four doctors. That's right. That was done as part of the consultative examination that was procured by CON. And the results of that test were actually attached to the RFC form. And the form on its face said that it was based on the examination during which that report was prepared. So the key was attaching it to the RFC form. Any evidence that was attached to the RFC form that was submitted by CON was going to be irrebuttably excluded. That's correct. The form said that the information on the form was derived from the report. So they were really the same thing there. I don't think it would make any sense to disregard the form summarizing the report, but to consider the report, because ultimately they have the same information there. Well, is it accurate to say some of the plaintiffs had not seen the doctors at all, but some had? The plaintiffs have not indicated that they had seen any of these four doctors, apart from the consultative examinations that were procured by CON for submission to Judge Daugherty. But why is there an irrebuttable presumption then that if there was a three-hour purported IQ test given to one of these individuals, that that was fraudulent? Why don't they have a constitutional right to explore whether or not the information from the purported three-hour IQ test was valid? Because the statute says to disregard information where there is a reason to believe that fraud was involved. The statute doesn't say that. The litigation manual says that. No, in fact, the statute does say that. The statute says that. Which section of the statute? It's 405U1B. When determining, when redetermining entitlement or making an initial determination of entitlement, the commissioner shall disregard any evidence if there is reason to believe that fraud or similar fault was involved in the providing of such evidence. That's attached to our brief at page one of the addendum. And here the idea is that that fraud didn't necessarily occur with respect to this individual. It's just that that particular provider of information had been so infected with fraud that it would be excluded. Is that the idea? That could be. That certainly could be. In this case, the inspector general also indicated that the inspector general in the referral said there was reason to believe that fraud was involved in these applications. And also said specifically there's reason to believe that fraud was involved in these template forms. So the inspector general determined that. The opposition is stronger if you look at it on an across-the-board basis and say this provider's information is across-the-board infected. Yes. Rather than saying, oh, we're relying on the fact that he thought it was infected in this particular case. Well, I think both are permissible. To the extent you think of this as an evidentiary issue, do you know of any other analogous provision in the law? Well, we have pointed to other circumstances with respect to the due process clause. I cannot think of a single other evidentiary situation that would be analogous to this. The closest thing I could think of was in the criminal context where you use the felony conviction to establish that an individual is a felon in possession of a firearm. But even then, the individual, well, first it's a criminal conviction. So the person has had a great deal of due process prior to the conviction. But the person would still have a right to contest whether he's the person identified in the conviction and a number of other similar matters pertaining to the conviction. I just couldn't think of anything that was remotely like this. Well, I think it's important when looking at it to recognize the proper question under the due process clause, which is whether they received a fair hearing. Well, what I asked you was not the proper question. I asked you to answer that question. Can you think of anything? I am not aware of any off the top of my head. But, again, I'm not sure that that matters because the question under the due process clause is whether they received a fair hearing with respect to the deprivation of benefits. To the extent somebody might say, oh, this is just another example of a way you exclude evidence based on a rule. It's really not that, is it? Well, I mean, that is how this operates. It's an evidentiary rule which complies with due process as long as... But if you're searching for analogies, you can't really find any. Is that right? I'm not aware of any that way. But, again, this is a due process challenge to... Doesn't social security scheme provide for the weighing of certain types of people who testify? So all of this, and people who lack this kind of training can't testify as to that. You have to have someone who has the proper medical instruction. Certain things have to be doctors. There are many regulations, indeed. Why aren't those similar? Why aren't those an answer to Judge Gibbons' question? Well, I mean, there are many regulations that involve the weighing of evidence. I believe the question involved... None of them say you just can't. Not the disregarding of evidence in a similar way. But, again, to return to the main question here, we're looking at whether through applications of the Matthews test, the plaintiffs received a meaningful hearing on the question of their entitlement to benefits. But why... Their entitlement to benefits involves the question of what evidence they can look at and what they can challenge in terms of what the commissioner is saying. And that evidentiary rule that you point out in 405U, the commissioner shall disregard any evidence if there is reason to believe that fraud. So the reason-to-believe standard is totally within the power of the commissioner or the OIG here. And why shouldn't the individuals have the power to say, as a matter of due process, we challenge the reason-to-believe argument of the OIG? Because in my case, hypothetically, I did have an IQ test by someone who said that I had a low IQ, and it is supported by other things. But why shouldn't they be able to challenge this reason-to-believe fraud aspect as a matter of due process? Because all of the other procedural protections that we describe in the brief provide a full and meaningful hearing with respect to the question of entitlement to benefits. As the Carter and Perkins and Robertson's court noted, the deprivation is based on sufficiency of the evidence. And they had many procedural safeguards, including all of the evidence from the treating physicians, the ability to substitute for the evidence that was disregarded, which in this case was a single consultative report procured by Kahn for Judge Daugherty. And to take Your Honor's example of the IQ test, which the plaintiffs point to in the case of Plaintiff Hicks, IQ is stable over time. So she could go out and get an IQ test today, and that would be probative of her IQ at the time and would establish her mental disability at the time. So as all of these district courts indicated, the ability to substitute for the excluded evidence makes the procedure fair and meaningful. The substitutes have to pertain to the time of the original request for benefits, right? That is correct. But evidence obtained today doesn't have to mean that the evidence was created at the time. This is a common issue before ALJs in the Social Security context, where doctors often create reports after the fact and say, based on what I see, I conclude that there was a disability at that time. I see that my time is up, and I'd like to reserve for rebuttal, please. Thank you. Good morning, Your Honor. My name is Arpit Garg. I represent Amy Hicks along with four other plaintiffs. I'll be presenting oral argument on behalf of all of the plaintiffs. Because this was briefed as a cross-appeal, I'd like to request two minutes of rebuttal just on the cross-appeal issues, just the statutory issues, if that's okay. Certainly. May it please the Court. The Social Security Administration, along with its Office of Inspector General, made an individualized determination that in the case of Amy Hicks, 10 other plaintiffs, and hundreds of other individuals, there was reason to believe that fraud existed with respect to specific medical evidence that they submitted in their file. That was an individualized determination. And because it was an individualized determination, they are entitled to notice of what the Social Security Administration's understanding of that fraud was, and more fundamentally, an opportunity to be heard, an opportunity to rebut that assertion. If I understand the position of the government, the evidence that was presented by those doctors was categorically excluded because those doctors had participated in fraudulent activity in general, but not necessarily because they had participated in a particular case. If that's accurate, maybe it's not. I don't know. He sort of backed away from that. If that's accurate, then how can you say it's an individualized determination? It's not an individualized determination anymore, is it? So you said if it's accurate or not. I don't think it's accurate. So let's take the case of Dr. Adkins. You want to rely on both. And I'm asking, it seems to me one is much more persuasive than the other. That may be right. If you take it as that, then what would be the problem with it? If it's generic information that these doctors are all fraudulent, that everything this doctor has ever done is fraudulent. Not everything that they've done, but that they have exhibited in similar kinds of cases a pattern of fraud. Could the Social Security Administration have a rule constitutionally? I'm not getting into what the rules are. Could they have a rule which says, testimony from somebody who has repeatedly engaged in fraud with respect to the presentation of this kind of evidence in the past is categorically to be excluded. You can say yes, you can say no, but you can't say that's an individualized determination. The way I've set it up, it's not an individualized determination. I think, Your Honor, there's two different points there. One is, is the rule valid? That someone who has engaged in a practice of fraud, can we exclude that evidence? That's an evidentiary rule. That's valid. That would be valid. That's an evidentiary rule. That says if someone has engaged. Then it comes down to the factual question of whether that person has, in fact, engaged in fraud. Do you want, in these hearings, to challenge that they've ever? I understand Your Honor asked me to grant a premise for the question, but I don't think that's what this case is. That's not what they're saying these doctors did. Dr. Adkins, for example, was an SSA doctor during the time period, and when his reports were submitted on behalf of SSA, SSA accepted his evidence. You can't say that Dr. Adkins, all of his reports from that time period, are to be excluded. They narrowed it. They said all of his reports in a certain context, and it's kind of an across-the-board context. They said, sure, when you're doing them at the behest of so-and-so, who has also been, has a history of fraud, then it's categorically not permissible. Or are you arguing that in each one of these individual hearings that you're advocating for, they can go and challenge the fact that he ever did it? If it's circumstantial evidence, if it's generic evidence that a doctor committed a certain type of fraud, I think the nature of the hearing is not going to be that robust. That is that what our clients want, and we explain this in our reply brief, is they want to understand the evidence that's specific to their case. So in your Honor's example, if all Social Security has is what I would call circumstantial evidence, evidence that's somewhat generic as to every individual, I don't think that's particularly, I do think there's a due process, right? I just don't think it's burdensome the way that your Honor described, the idea of having many trials. OIG could prepare a report that says, we have reason to get at what actually is going to happen now. It seems to me it could be one of, broadly, two categories. You could be saying, you can show that this statement that so-and-so can't do sedentary work or whatever it is, was fraudulently provided in this particular case, even though, or was not fraudulently provided in this particular case, even though it had been fraudulently provided in a number of other cases. Or, you could say, you can challenge now their determination that this is a person who has engaged in a process of, in a series of fraudulent activities, or not. It's the former. That's a different issue. Your Honor, it's the former. That's what our clients would like to prove. They would like to prove that in their case, this effort is not. Then we get to whether you can argue, in your case, that this is excludable because he's engaged in a practice of fraud in a lot of other cases. That would be an evidentiary rule. Lots of evidentiary rules are there to serve a protective purpose that you could quibble with when they get to be applied, but people don't normally get to quibble with them when they're applied. They say, this is a category of hearsay that we think is questionable. You can't come in and say, well, sometimes you can, but often you can't come in and say, oh, well, it's not questionable in this case, so let me present the evidence. No. They say it fits within the category. It's out. Your Honor, the distinction I would make is one that I think Judge Gibbons was drawing, which is that the evidentiary rule is like in any criminal case. Hearsay is to be excluded. There is a subsidiary factual issue, which is, is this hearsay? The example we gave- The subsidiary factual issue would be, have they engaged in a pattern of this kind of fraud in other cases? I disagree, Your Honor. I think the subsidiary factual issue is, is there reason to believe that there was fraud with respect to this evidence? And in your Honor's example- My question is, would it be constitutional for them to have a rule like I'm describing? That a doctor who's had a practice of engaging in fraud is- Could have his presented information excluded without having a hearing on whether it actually happened in this case, because it's irrelevant if the rule applies, regardless of whether it happened in this case. The evidence in that case, there still remains a factual question as to whether or not it was invalid in the individual case, and our whole claim is that the due process- That's what I'm having trouble understanding. If the rule is that it can be excluded, regardless of whether it happened in this case, because he's had a practice of doing it in the past, and therefore it's inherently problematic or inherently questionable, and so therefore you exclude it, that's what a lot of evidentiary rules do. They say this is a type of evidence that shouldn't be presented, because it's so fraught with error. You can't come in then usually. Maybe sometimes you can. I'm not an expert in evidence law, but you can't come in and say, well, that's a nice evidentiary rule, but it shouldn't apply here because this is good evidence. Aren't you saying that it doesn't apply here because you think it violates due process? In this case, yes, because- And also it- But I mean the problem is that in every other single context, the party against whom the rule is sought to be enforced has an opportunity in that proceeding to question the applicability of the rule based on the criteria of the rule. That's exactly right. In an individual case, you have a right to be heard. So in any evidentiary rule, the question of whether it applies to you is something that you get to be heard on. And I want to go back to something that I asked Mr. Pullum about. He said the statute required this. The statute relates to disregarding the evidence where there's a reason to believe that fraud has occurred. The statute has nothing to do with what is being applied here, which is that that evidence is disregarded without giving the party against whom it is sought to be used an opportunity to contest the applicability of the rule. So that particular part of the rule comes from this litigation manual I was referring to. That's right. The statute gives an if-then statement. If there's reason to believe, it should be excluded. But whether there's reason to believe in an individual case and whether there's an opportunity to be heard is determined by the HALEX provision, which says there is no opportunity to be heard on OIG's individualized determination in a particular case. I wanted to mention, because we talked about, Judge Moore, you asked about the difference between the RFC form and the remaining medical evidence. I think that's crucially important. So Amy Hicks' Atkins report is available on the record from 1429 to 1440. And the last three pages are the pre-completed RFC form. But the first nine pages are medical evidence. They include a discussion of her symptoms, some of her background. There are pages after pages in which Dr. Atkins walks through what looks like an IQ test and makes an assessment that she has an IQ of 69 and diagnoses her. It's all from a doctor that another part of the SSA has determined to have engaged in fraud against the SSA. Is that correct? But, Your Honor, they've decided that he's engaged in fraud in individual cases because they're perfectly willing to use his reports in their own cases in particular. Yeah. It's a rule with exceptions. And then the whole question becomes whether they are an exception in this case. And for them to be able to... What I'm trying to get at is whether they get a hearing for that purpose. I wonder, for instance, could the Social Security Administration develop rules and procedures for disqualifying doctors from participating in Social Security disability hearings? If they have a generic rule. I understand. Could they develop rules which say we are now going to determine who's qualified? I mean, I think, for instance, the INS has rules for who can be a lawyer in front of them. And they have to get qualified. Could they have rules constitutionally now? I'm not saying they do. Could they have rules which say a doctor can be disqualified from presenting evidence in a Social Security disability hearing? I just think if you assume that they could, assume for the moment that they could. It's hard for me to imagine that they couldn't. But if you assume that they could, would then the person, the disability claimant, be able to challenge that determination in each disability? Perhaps, Your Honor. I mean, as applied challenges can be brought. I'll give you the example of a recent case, Lewis v. United States. It's a forfeiture case involving funds received in health care fraud. And there, the Supreme Court accepted the idea that if you're going to use the money for a lawyer, and it's for your Sixth Amendment right, it's a Sixth Amendment claim, not a due process claim. And they said in that particular situation, that rule, that evidentiary rule, does not apply. But that would be an as applied challenge in the application of a rule that may generally be valid. But I do think that's different than this case, because this rule is not phrased that way. That you can challenge that in every, the application of it in every case. Well, I do think that's a different question in this case. In this case, it's not an evidentiary rule like that. It's a very factual determination. The situation that Judge Rogers is postulating is, the analogy I can think of to that, is where Tennessee, for example, statutorily will accept, in medical malpractice case, only the testimony of certain doctors as expert testimony. Maybe they have to be from Tennessee or a neighboring jurisdiction. I think that's, I don't know if I'm getting that right or not, but I think that, I mean, that's subject to constitutional challenge, of course, by anybody. But once it withstands constitutional challenge, plaintiffs know to get the right kind of lawyer. That's right. I mean, doctor. Yes. And the Supreme Court has thought about this question in the context of differentiating legislative rules from adjudicative determinations. If a legislature passes a rule like that, just a generic rule, that is typically only challenged for substantive due process, is the line drawn in that law, in that rule, arbitrary or capricious, shocks the conscience. It's typically put in the bucket of substantive due process. But what's different is that that's not how this rule is written. This rule isn't written the way your hypothetical is framed or your hypothetical, Judge Rogers. It's written as if there's reason to believe with respect to fraud in the provision of medical evidence, comma, it should be excluded. That's not a legislative rule of the type that we're talking about. That is a case, a rule that asks for an individualized determination. And SSA defends in its reply brief that they made individualized determinations in each and every one of these cases when we bring the example of Dr. Adkins. They said, we didn't just throw out every Adkins report. We made individualized determinations. Well, that just proves our point. If an individualized determination was made, that means our plaintiffs are entitled as a matter of due process to understanding the OIG's basis for that individualized determination and an opportunity to be heard on that issue. I realize my time has expired, so I will cover the statutory issues in my rebuttal. Thank you. Thank you. I'd like to pick up on an important issue here, which is the due process test under Matthews v. Eldridge asks about the risk of erroneous deprivation. And when we're talking about the procedures and how they apply here, we have to focus on the risk of erroneous deprivation of benefits. As the district court, Perkins, Carter, and Robertson all indicated, due to the ability to substitute evidence, the nature of the evidence we're talking about, and the fact that the fraud has been indicted, it's been admitted to, there's no reason to believe that any of these individualized hearings that the plaintiffs asked for would actually provide a meaningful protection and reduce the risk of erroneous deprivation. As Judge Rogers was alluding to, the fact of this generalized fraud, which has been admitted to by two of the principals and a jury has convicted as to Dr. Adkins, that provides reason to believe, which is a low standard. Wait a minute. Wait a minute. Had that happened before the OIG's report? No, it had not. If it happened, didn't it happen sometime during the pendency of this litigation? It did, but when we're asking about the ‑‑ So what does that have to do with it? Because I think we're focusing on the kind of practical value of these additional procedures. Did they admit to fraud in every single case? Con and Darty. Specifically the individuals who were here? No, they admitted to a scheme to defraud that was systematic in nature. That doesn't get you too far as to individual plaintiffs, does it? Well, I think it does when the standard under the statute is just reason to believe. That is not a high bar, and I think when people admit that they systematically defrauded ‑‑ I was discussing with your adversary, the procedure that is under attack here is not statutorily mandated. It is the procedure that is created by your litigation manual. The statute doesn't say anything about not giving a plaintiff an opportunity to challenge the finding. Well, I think the structure of the statute does suggest that. That the inspector general would conduct these investigations, establish the reason to believe, and that that predicate would be established for the exclusion of evidence. But even so, even if it just came from the HALEX and the Social Security ruling, which is binding on the agency, that would still suffice for due process challenges. In Matthews and Goldberg, for example, the Supreme Court just looked at the procedures and applied the Matthews test, asked whether there was an excessive risk of erroneous deprivation in light of the interest at stake. Without asking, well, is this coming from the statute or procedures, they evaluated the procedures under the applicable due process test. Just a quick question. When you're considering the risk of erroneous determination, you have to take into account to some degree the delay, the long period of delay, because that increases the chances that a plaintiff will not be able to get evidence that might show entitlement to benefit. I don't think so for several reasons. First, all of the evidence that the plaintiffs relied on when they applied for benefits was already in the case file. They did not have to resubmit that. It was already there. So they didn't have to go out and get these again. Second, they could, as I indicated, substitute for any of the evidence and ask for SSA's assistance in developing that evidence. If there were records out there that they couldn't get, that SSA didn't yet have, they could ask the ALJ for assistance in record development, which is a totally routine practice for any disability determination. Thank you very much. We ask that the judgments in Carter and Perkins be affirmed and Hicks be reversed. Thank you. May it please the Court. To quickly respond, Judge Givens, to your point, our best evidence on why legitimately disabled people may in fact have lost in these redetermination hearings is the continuing disability review process. Every one of the plaintiffs, as far as we know, passed their continuing disability reviews, which if the government's premise is correct, that everyone who was legitimately disabled would have won and everyone who was not lost must have been illegitimately disabled, doesn't quite make sense. The continuing disability review system is that they show up to your door or ask you for records three years, five years after your original determination, and they say, are you still disabled? Well, if you were someone who was illegitimately disabled, when they asked for those records, they would see medical improvement because you no longer are physically or mentally disabled. As far as we can tell, all our plaintiffs passed those CDRs. And so that strongly suggests that there is in fact a high risk of erroneous deprivation under the government's procedures. But I wanted to talk about in my rebuttal time the arbitrary and capricious argument very quickly. The SSA in the HALEX provision, Judge Gibbons, that you mentioned, says that if SSA initiates the fraud, that you have a right to be heard on the fraud issue and you have a right to appeal it. But if OIG initiates the fraud, that it doesn't. And that's the distinction that the HALEX draws. It's that that we contend is arbitrary and capricious. The arguments that the SSA has made to justify this, we just don't think hold water. They say it would interfere with the prosecution, but 405U already says if it's going to interfere with the prosecution, you just have to get certification from a prosecutor and say then not initiate the redetermination hearings. And they have never submitted any kind of certification of that sort. They say that OIG investigations are large and SSA cases are small. But as we show in our reply brief, if you look at the public record, 77% of OIG's press releases are in fact single beneficiary cases. So the idea that there's this distinction that can be drawn between OIG referrals and SSA referrals, just as the statute says, is arbitrary and capricious and should be set aside. Thank you. Thank you. Thank you both for your argument. The case will be submitted with the clerk adjourned.